Andrew S. Brignone
Nevada Bar No. 751
Xanna R. Hardman
Nevada Bar No. 9579
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
Off:   (702) 382-2101
Fax:   (702) 382-8135
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; and TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> PEREGRINE INSTALLATION CO., an Indiana corporation, <br><br> Defendant. | Case No. <br><br><br> JUDGMENT BY CONFESSION |

Pursuant to the express Stipulation for Entry of Judgment by Confession ("Stipulation") between the parties hereto, the terms of which are incorporated herein by reference, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.     The Plaintiffs, Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, and Trustees of the Southern Nevada

2005212\1363632.1                              1

1. Laborers Local 872 Training Trust (collectively "Trust Funds"), shall take Judgment by Confession ("Judgment") against the Defendant, Peregrine Installation Co. ("Peregrine") in the sum of Eighty-Five Thousand Six Hundred Sixty-Nine and 88/100 Dollars ($85,669.88) ("Judgment Amount"), which includes known unpaid contributions for the month of December 2009.

2. Peregrine shall pay the Trust Funds the Judgment Amount as set forth in Paragraph 3, below. The Judgment Amount shall bear interest from December 31, 2009 at the rate of eight percent (8%) per annum until paid in full. The Trust Funds have not waived and expressly reserve their right to collect any additional sums owed by Peregrine that may have accrued through, or accrue after, December 2009, if discovered by future audit or as a result of unpaid or untimely reports. The Judgment Amount shall be paid to the Trust Funds as third party beneficiaries of Peregrine's collective bargaining agreement ("Labor Agreement") with the Laborers International Union of North America, Local No. 872 ("Union"), in which Peregrine agreed to abide by the trust agreements establishing the respective Trust Funds and any amendments thereto.

3. The Judgment Amount and other obligations set forth herein shall be paid to the Trust Funds as follows:

A. An initial payment shall be made on or before February 15, 2010 in the minimum amount of Twenty-Nine Thousand One Hundred Thirty and 00/100 Dollars ($29,130.00);

B. A second payment shall be made on or before March 1, 2010 in the minimum amount of Twenty-Nine Thousand One Hundred Thirty and 00/100 Dollars ($29,130.00); and

B. Any remaining balance, together with such additional accrued principal, interest, liquidated damages, audit costs, and attorney's fees and costs as may be owed to the Trust Funds by Peregrine as of the final payment date, shall be due and payable on or before April 1, 2010. The Trust Funds estimate that the amount that shall be owed pursuant to this Judgment as of the final payment date shall be Twenty-Nine Thousand One Hundred Twenty-Nine and

04/100 Dollars ($29,129.04), but reserve the right to collect any additional amounts owed as set forth in this Judgment.

    C.    Upon the Trust Funds' timely receipt and negotiation of all payments and obligations required by this Judgment (i) this Judgment will have been satisfied and upon receipt of a request therefore, the Trust Funds shall deliver to Peregrine a written Release and Satisfaction of Claims, and (ii) liquidated damages in the sum of Seventeen Thousand One Hundred Thirty-Three and 98/100 Dollars ($17,133.98) shall be waived ("Liquidated Damage Waiver"). In the event of Peregrine's failure to remit all payments and obligations required by this Judgment in a timely manner, the Liquidated Damage Waiver shall be deemed revoked and Peregrine shall be obligated to pay all such Liquidated Damages to the Trust Funds.

    D.    Should the Trust Funds determine that their statutory collection remedies related to their claims under this Judgment may be lost or materially compromised without pursuing formal claims, including lien claims pursuant to NRS 108, general (original) contractor claims pursuant to NRS 608.150, bond claims, etc., the Trust Funds may take reasonable steps and employ customary legal procedures to preserve and pursue any such remedies and claims.

4. Peregrine shall have the right at any time to prepay the entire balance owed, or any portion thereof, without incurring any prepayment penalty.

5. Filing of and execution on the Stipulation and this Judgment shall be stayed through April 1, 2010, provided that payments shall have been made by Peregrine in accordance with the terms of this Judgment.

6. All payments required by this Judgment, the Labor Agreement or related claims shall be credited first to ancillary costs and charges, including interest, liquidated damages, audit costs and attorney's fees and costs, and lastly to principal contributions, without regard to the Trust Funds' discretion to fund employee benefits in whole or in part with such payments. The payments shall be made payable to the "Laborers Joint Trust Funds" and shall be remitted to the Trust Funds' c/o Andrew S. Brignone, Brownstein Hyatt Farber Schreck, LLP, 100 City Parkway, Suite 1600, Las Vegas, Nevada 89106, or at such other location as Peregrine is notified in writing.

7. Peregrine shall forthwith execute and submit the following documents to the Trust Funds' attorney:

    A.    the Stipulation;

    B.    this Judgment; and

    C.    all information and documents showing the name(s) of all of Peregrine's general contractors, projects and project dates for the month of December 2009.

8. Should Peregrine fail to satisfy any of the conditions in this Judgment, written notice of default ("Notice") shall immediately be delivered to Peregrine at 14074 Trade Center Drive, Suite 212, Fishers, Indiana 46038. If Peregrine thereafter fails to make the required payment(s) or otherwise fails to comply with the conditions of this Judgment within five (5) business days of the date of such Notice, the Trust Funds shall have the unconditional and immediate right to file the Stipulation and this Judgment with the U.S. District Court, and may execute upon the same for whatever amount then remains due and owing, without further notice to Peregrine or Order from this Court. In the event of default and failure to cure, the Judgment Amount shall be immediately increased by the Liquidated Damage Waiver, interest, court costs, attorney's fees and any additional claims accrued and owed by Peregrine to the Trust Funds pursuant to this Judgment, and the new Judgment Amount shall accrue Fourteen percent (14%) default interest on the balance from the default date until paid. In the event the Trust Funds should discover additional claims pursuant to an audit or Peregrine should fail to timely submit reports and payments of contributions to the Trust Funds as provided in the Labor Agreement and Paragraph 9 hereafter, the amount of such claims may be added to this Judgment. The amount of such additional obligations may be established by affidavit of the Trust Funds' administrator or other representative.

9. During such periods as Peregrine may be signatory to a Labor Agreement with the Union and during the payout term of this Judgment, Peregrine shall remain current and submit timely monthly reports and payments of contributions to the Trust Funds. Peregrine shall remit accurate reports and contribution payments to the Trust Funds for the months beginning January

1, 2010 (due on or before February 20, 2010), through the effective period of the Labor Agreement.

10. The Trust Funds' Release and Satisfaction of Claims in favor of Peregrine shall not be executed nor delivered until all obligations under this Judgment have been fully performed.

11. Nothing in this Judgment shall, or shall be deemed to, in any manner limit, waive or release the obligations under the Labor Agreement of Peregrine and any trades or businesses under common control with Peregrine.

12. No waiver of any breach by Peregrine of this Judgment nor acceptance of a late payment or waiver of a timely payment by the Trust Funds shall constitute a waiver of any other breach or timely payment or the right of the Trust Funds to accelerate the entire amount due or the right of the Trust Funds to record, enter and execute upon the Stipulation and this Judgment.

13. The following potential claims are expressly reserved by the Trust Funds: (i) any Trust Fund claims unrelated to the Judgment Amount, accruing before or after the effective date of this Judgment, including, without limitation, claims by the Trust Funds for additional contributions and related damages that may be (or become) due and owing to the Trust Funds pursuant to the provisions of any collective bargaining agreement to which Peregrine may be bound that requires the payment of contributions to the Trust Funds, other than the Labor Agreement between Peregrine and the Union; (ii) the obligation of Peregrine or any trade or business under common control of Peregrine (to the extent Peregrine or any trade or business under common control with Peregrine has any obligation) to pay, and the rights of the pension funds to assess and collect, withdrawal liability pursuant to 29 U.S.C. §1381 et seq. (including use of Peregrine's contribution history for purposes of calculating any withdrawal liability); (iii) any additional claims discovered by compliance Audit for any past, present or future Audit period; (iv) any claims for untimely paid contributions arising after December 2009 and (v) any general contractor claims pursuant to NRS 608.150, lien claims pursuant to NRS 108, pay and performance bond claims, licensing bond claims and any other ERISA or state law claim enforceable by the Trust Funds.

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

20052\2\1363632.1　　　　5

14. In the event of the filing of any bankruptcy petition by Peregrine, any payments made by Peregrine pursuant to the terms of this Judgment shall be deemed to have been made for new value as provided under 11 U.S.C. § 547(c)(1) and in the ordinary course of Peregrine's business as provided under 11 U.S.C. § 547(c)(2), so that such payments shall not be claimed by Peregrine as preference under 11 U.S.C. § 547 or otherwise.

15. Peregrine has consulted an attorney of its choice and fully understands the obligations and consequences of this Judgment.

Dated and Done this 12th day of January, 2011.

_____
U.S. DISTRICT COURT JUDGE

Approved as to Form and Content:

Peregrine Installation Co.

By: _____   Dated: February____, 2010.
John Brenan, its President
Aaron Smith
[Law Firm]

By: _____   Dated: February____, 2010.
_____, Esq.
Attorneys for Defendant

Approved and Submitted by:

Brownstein Hyatt Farber Schreck, LLP

By: _____   Dated: February 8, 2010.
Xanna R. Hardman, Esq.
Attorneys for the Trust Funds

OATH AND VERIFICATION

STATE OF NEVADA )
: ss.
COUNTY OF CLARK )

John Brenan, being first duly sworn upon oath, now verifies and declares that:

1. Entry of this Judgment by Confession, according to its provisions, is duly authorized; and

2. The money due and owing and the basis for said Judgment by Confession are accurately set forth in the Stipulation for Entry of Judgment by Confession and this Judgment by Confession.

Further you affiant sayeth naught.

~~John Brenan~~
Aaron Smith

Subscribed and Sworn before me this 4 day of February, 2010.

Amity Walden
Notary Public

AMITY WALDEN
Hamilton County
My Commission Expires
September 28, 2017

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

20052\21\1363632.1

7